Soojin Youn, State Bar No. 331888
LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017
Telephone: (213) 623-2221
Facsimile:   (213) 623-2211
Email: syoun@lhlaw.com

Attorneys for Applicant
Siwon Choi

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re *Ex Parte* Application of<br><br>Siwon Choi,<br><br>          Applicant. | Case No.:<br><br>***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN A FOREIGN PROCEEDING; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Declaration of Siwon Choi, Declaration of Hyung Chul Lee, and [Proposed] Order Filed Concurrently Herewith |

*EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

### *EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

Applicant Siwon Choi ("Applicant") hereby moves, by and through his counsel, *ex parte* for an Order pursuant to Section 1782 of Title 28 of the United States Code authorizing limited discovery for use in a foreign civil proceeding in the Republic of Korea (the "Application"). Applicant seeks limited discovery from X Corp. and Google LLC ("Google") pursuant to the proposed subpoenas attached to this Application as **Exhibit 1** and **Exhibit 2**, respectively.

Applicant respectfully requests that this Court consider this Application which is brought under Section 1782 of Title 28 of the United States Code on an *ex parte* basis, as is the common practice of United States district courts, including this District. *See In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911, at *6 (N.D. Cal. Mar. 24, 2016) ("§ 1782 petitions are regularly reviewed on an *ex parte* basis"); *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F.Supp.3d 919, 922 (N.D. Cal. 2014) ("parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it") (quotation marks and citation omitted).

Applicant is entitled to the relief sought under this Application because the proposed discovery is necessary in Applicant's pursuit of his civil lawsuit for claims of insult and defamation currently pending in the Republic of Korea. The statutory requirements of Section 1782 are amply met, and the discretionary *Intel* factors weigh heavily in favor of granting this Application, as further explained in the accompanying Memorandum of Points and Authorities.

### Divisional Assignment

Pursuant to Civil Local Rule 3-2(c), this case should be assigned to the San Jose Division, which serves Santa Clara County in which the action arises, based on X Corp.'s principal place of business located at 1450 Page Mill Road, Palo Alto, California 94304 and Google's principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

*EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

This Application is supported by the Memorandum of Points and Authorities attached hereto and the Declarations of Siwon Choi and Hyung Chul Lee filed concurrently herewith.

Dated: June 25, 2026                                LEE, HONG, DEGERMAN, KANG & WAIMEY

By: /s/ *Soojin Youn*

Soojin Youn

Attorneys for Applicant
Siwon Choi

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

2

***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Applicant Siwon Choi ("Applicant") seeks leave under 28 U.S.C. section 1782 ("Section 1782") to take discovery in this judicial district in aid of a civil lawsuit now pending in the Republic of Korea ("Korea" or "South Korea"). Applicant is a celebrity in South Korea who has been targeted by numerous "hate comments" by ten (10) anonymous internet users (collectively, the "Users") who posted insulting, disparaging, and defamatory statements against Applicant on the social media platforms X (formerly Twitter) and YouTube. Applicant has filed a civil action for claims of insult and defamation against the Users in Korea (the "Korean Lawsuit"), but the Korean Lawsuit cannot proceed without the X and YouTube Users' personally identifiable information, which is held by X Corp. and Google LLC ("Google"), respectively. Applicant has been unable to obtain this information through other means and thus respectfully requests that this Court grant this Application, authorizing Applicant to issue the proposed subpoenas to X Corp. and Google (attached hereto as **Exhibit 1** and **Exhibit 2**, respectively).

As more fully set forth below, Applicant satisfies both the statutory requirements under Section 1782 and the discretionary factors set forth in the Supreme Court's *Intel* decision,[1] all of which support granting the Application. The statutory requirements are easily met: (1) X Corp. and Google, the persons from whom discovery is sought, each "resides or is found" in this District; (2) the discovery is for use in a foreign proceeding, namely, the Korean Lawsuit; and (3) the Application is made by "interested person" Applicant, who is the plaintiff in the Korean Lawsuit. *See* 28 U.S.C. § 1782(a). Furthermore, all four *Intel* factors weigh in Applicant's favor, because (1) X Corp. and Google are not participants in the Korean Lawsuit, (2) the Korean courts are receptive to U.S. federal court judicial assistance, (3) the Application is not an attempt to circumvent any legal restrictions or policies of Korea or the United States, and (4) Applicant's request is not unduly intrusive or burdensome. *See Intel Corp.*, 542 U.S. at 264-65.

---

[1] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

1

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

For all these reasons, and as further explained below, this Court should grant the Application and authorize the issuance of Applicant's requested subpoena.

## II.    FACTUAL BACKGROUND

### A.  The Korean Lawsuit

Applicant is a singer and member of the South Korean boy band Super Junior, as well as an actor, who resides in South Korea. *See* Declaration of Siwon Choi ("Choi Decl."), ¶ 3. Applicant has suffered malicious disparagement by ten (10) anonymous internet users (collectively, the "Users") who posted insulting and defamatory statements against Applicant (collectively, the "Posts") on the social media platforms X (formerly Twitter) and YouTube. *Id.*, ¶ 4. The Posts contain hostile and offensive "hate comments" that disparage Applicant with respect to his perceived political views and religious identity and insult Applicant's appearance, intelligence, and career, using demeaning terms and profanity. *Id.* Applicant has suffered severe mental and psychological distress due to the insulting and defamatory Posts, which also significantly harm his social and professional reputation, both as an individual artist and as a member of his group Super Junior. *Id.*, ¶ 5.

On or about May 18, 2026, Applicant filed a civil lawsuit for claims of insult and defamation against the Users before the Seoul Central District Court in Korea, Case Number 2026*GADAN*50418 (Korean original: 2026 가단 50418), pursuant to Articles 750 and 751 of the Civil Act of Korea (the "Korean Lawsuit"). Declaration of Hyung Chul Lee ("Lee Decl."), ¶ 4. In Korea, service of process is conducted by the courts on parties, including the initial pleadings which are served on the respondents based on the identifying information provided by the petitioners. *Id.*, ¶ 8. Applicant has been unable to discover the true identities of the Users and thus unable to provide the personally identifiable information necessary to enable the Korean court to serve Applicant's complaint in the Korean Lawsuit. *Id.* In order to proceed with the Korean Lawsuit, Applicant seeks to obtain the necessary personally identifiable information of the Users through Section 1782 discovery. *Id.*

### B.  The Limited Discovery of Information Sought from X Corp. and Google

X is a social media platform service provided by X Corp., and an X account is required

*EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

for a user to post content to their profile.[2] X Corp. collects X users' information provided by the users themselves—including name, date of birth, email address, phone number, and payment information—and information collected directly by X Corp. when users use X—including IP address and access logs.[3] X Corp.'s principal office is located at 1450 Page Mill Road, Palo Alto, California 94304. Lee Decl., ¶ 9, Ex. 1.

YouTube is a social media platform service provided by Google on which users share videos, and a Google account is required to create a YouTube channel and upload videos or post comments on videos.[4] In addition to YouTube, a Google account gives a user access to other products, services, and accounts of Google, including Google Ads, Google AdSense, and Google Pay.[5] Google collects Google account holders' information provided by the users themselves—including name, email address, phone number, and payment information—and information collected directly by Google when users use Google services—including IP address and access logs.[6] Google's principal office is located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Lee Decl., ¶ 9, Ex. 2.

The personal information held by X Corp. and Google with respect to the Users of X and YouTube, respectively, is necessary in different ways to uncover the true identities of the Users and enable service of process in the Korean Lawsuit filed against them. Lee Decl., ¶¶ 9, 12-13. Applicant's proposed subpoenas (attached hereto as Exhibit 1 and Exhibit 2) are

---

[2] *See* X, *Terms of Service* (effective Jan. 15, 2026), https://x.com/en/tos (last visited Jun. 12, 2026); X, *New user FAQ*, X Help Center, https://help.x.com/en/resources/new-user-faq (last visited Jun. 12, 2026).

[3] *See* X, *X Privacy Policy* (effective Jan. 15, 2026), https://x.com/en/privacy (last visited Jun. 12, 2026).

[4] *See* YouTube, *Terms of Service* (dated Dec. 15, 2023), https://www.youtube.com/static?template=terms (last visited Jun. 12, 2026).

[5] *See* Google, *How Google Accounts work*, YouTube Help, https://support.google.com/youtube/answer/1722060?hl=en&ref_topic=2973023 (last visited Jun. 12, 2026); Google, *How AdSense Works*, Google AdSense, https://adsense.google.com/start/how-adsense-works/ (last visited Jun. 12, 2026); Google, *Manage your Google payment info*, Google Pay Help, https://support.google.com/googlepay/answer/9244912?hl=en (last visited Jun. 12, 2026).

[6] *See* Google, *Google Privacy Policy* (effective May 26, 2026), Google Privacy & Terms, https://policies.google.com/privacy (last visited Jun. 12, 2026) ("This Privacy Policy applies to . . . YouTube.").

3

*EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

narrowly tailored to seek only that information which is necessary to identify the Users for purposes of pursuing the Korean Lawsuit in Korea. *Id.*, ¶ 12; Choi Decl., ¶ 7.

## III.     JURISDICTION, VENUE, AND BASIS FOR *EX PARTE* CONSIDERATION OF THIS APPLICATION

This Application is made pursuant to subsection (a) of federal statute Section 1782 of Title 28 of the United States Code, so this Court has subject matter jurisdiction pursuant to Section 1331 of that same Title.

Venue is proper in this District because X Corp. and Google, the persons from whom discovery is sought, each "resides or is found" in this District, pursuant to Section 1782 of Title 28 of the United States Code.

It is also proper for this Court to consider this Application on an *ex parte* basis. United States district courts, including this District, have generally considered applications brought under Section 1782 on an *ex parte* basis, because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F.Supp.3d 919, 922 (N.D. Cal. 2014) (quotation marks and citation omitted); *see also In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911, at *6 (N.D. Cal. Mar. 24, 2016) ("§ 1782 petitions are regularly reviewed on an *ex parte* basis"). X Corp. and Google will be given adequate notice and opportunity to move to quash, so considering this Application on an *ex parte* basis does not violate their due process rights.

## IV.     ARGUMENT

The Court should grant this Application because it meets all three statutory requirements of Section 1782 and the discretionary factors enumerated in *Intel*, 542 U.S. at 264-65, all weigh in favor of authorizing the discovery sought by Applicant from X Corp. and Google.

### A.  This Application Satisfies All Statutory Requirements of Section 1782

Section 1782 authorizes a district court to order a person who "resides or is found" within the district "to give his testimony or statement or to produce a document or other thing

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

4

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). There are three statutory requirements: (1) the discovery is sought from a person residing or found in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made by a foreign or international tribunal or an "interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). Applicant has satisfied each of these elements.

First, each of X Corp. and Google "resides or is found" in this District within the meaning of Section 1782, because X Corp. registered its principal place of business as 1450 Page Mill Road, Palo Alto, California 94304 and Google registered its principal place of business as 1600 Amphitheatre Parkway, Mountain View, California 94043, both of which are located in this District. Lee Decl., ¶ 9, Exs. 1 and 2; *see also United States v. Google LLC*, 690 F.Supp.3d 1011, 1017 (N.D. Cal. 2023). Therefore, the first statutory requirement of Section 1782 is met here.

Second, the discovery sought by Applicant is "for use in a proceeding in a foreign or international tribunal," namely the Korean Lawsuit currently pending before the Seoul Central District Court in South Korea. Lee Decl., ¶ 4; 28 U.S.C. § 1782(a). The proposed discovery is for the purpose of obtaining the true identities of the Users so that they may be served with process of the civil complaint in the Korean Lawsuit. *See* Lee Decl., ¶ 8; Choi Decl., ¶ 7. The information sought by Applicant is appropriate for discovery here, as this District has repeatedly found that Section 1782's second requirement is met where applicants sought Section 1782 assistance to identify anonymous users of social media platforms for purposes of serving process of civil actions initiated before Korean courts. *See*, *e.g.*, *In re Soo Young Kim*, No. 5:25-mc-80232-BLF, 2025 U.S. Dist. LEXIS 156027 (N.D. Cal. Aug. 12, 2025); *In re Starship Entm't Co.*, No. 23-mc-80147-BLF, 2023 U.S. Dist. LEXIS 91000 (N.D. Cal. May 24, 2023); *Ahin Park v. Unknown (In re Request for Jud. Assistance)*, No. 23-mc-80016-BLF, 2023 U.S. Dist. LEXIS 38311 (N.D. Cal. Mar. 7, 2023). Thus, Applicant meets the second statutory requirement of Section 1782.

Third, Applicant is an "interested person" within the meaning of Section 1782, because

*EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

he is the plaintiff pursuing the Korean Lawsuit against the Users in Korea. Lee Decl., ¶ 4; Choi Decl., ¶ 5; 28 U.S.C. § 1782(a); *see also Intel,* 542 U.S. at 256 (holding that litigants may be the most common example of "interested person[s]" permitted to invoke Section 1782). As such, the third statutory requirement is also satisfied.

Accordingly, all three statutory requirements set forth under Section 1782 are amply met here to warrant an Order pursuant to Section 1782.

**B.  *Intel*'s Discretionary Factors Weigh In Favor of Granting this Application**

In the leading Section 1782 case, *Intel Corp. v. Advanced Micro Devices, Inc.*, the United States Supreme Court established four discretionary factors to be considered by district courts when ruling on Section 1782 applications: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65. As discussed below, all four of the *Intel* discretionary factors weigh heavily in favor of granting this Application.

**1.  X Corp. and Google are Not Participants in the Korean Lawsuit Against the Users**

The first *Intel* factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding," because the Supreme Court recognized that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 (a) aid." *Intel*, 542 U.S. at 264. Here, neither X Corp. nor Google is a party to the Korean Lawsuit filed by Applicant in South Korea. Lee Decl., ¶ 9. Since X Corp. and Google and the information they hold are located in this District, which is outside the jurisdictional reach of Korean courts, such information cannot be obtained by Applicant without the assistance of Section 1782. *Id.* Thus, this first *Intel* factor weighs heavily in favor of granting

6

this Application.

### 2. The Korean Courts Are Receptive to U.S. Judicial Assistance

The second *Intel* factor directs the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance." *Intel,* 542 U.S. at 264. The focus of this factor is whether the foreign court is willing to consider the information subject to the proposed discovery. *In re Varian Med. Sys. Int'l AG*, 2016 U.S. Dist. LEXIS 38911, at *11. "'In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782,' courts tend to 'err on the side of permitting discovery.'" *Id.*, at *12 (citation omitted). South Korean courts are receptive to the U.S. federal court's assistance in discovery matters and, specifically, to Section 1782 requests to uncover identifying information of anonymous individuals to proceed with civil matters involving defamation. Lee Decl., ¶ 10. *See*, *e.g.*, *United States v. Google LLC*, 690 F.Supp.3d 1011; *In re Starship Entm't Co.*, 2023 U.S. Dist. LEXIS 91000; *Ahin Park v. Unknown*, 2023 U.S. Dist. LEXIS 38311. Moreover, there are no known restrictions or policies under Korean law that would limit U.S. federal court judicial assistance, so in light of the abundant record of Korean courts' receptivity to Section 1782 assistance, the second discretionary factor clearly weighs in favor of granting this Application. Lee Decl., ¶ 11.

### 3. The Application Does Not Circumvent Any Relevant Legal Restrictions or Policies

The third *Intel* factor is a consideration of whether the Section 1782 request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel,* 542 U.S. at 265. The absence of evidence of attempted circumvention of foreign tribunal's proof-gathering procedures weighs in favor of a Section 1782 application. *United States v. Google LLC*, 690 F.Supp.3d at 1021. No such evidence exists here. Applicant is not attempting to circumvent any restrictions, policies, or other limitations on discovery, whether under Korean law or U.S. law. *See* Lee Decl., ¶ 11. Like many other similar Section 1782 applications that were granted by this District, this

7

*EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

Application seeks discovery of information that is beyond the reach of the Korean courts for the sole purpose of pursuing with a civil matter in Korea, which is generally accepted by Korean courts. *Id.*, ¶ 10.

Additionally, First Amendment issues are not implicated with respect to the Users and their defamatory and insulting Posts. Free speech principles under the First Amendment do not apply to protect foreign citizens outside U.S. territory. *ZURU, Inc. v. Glassdoor, Inc.*, 614 F.Supp.3d 697, 707 (N.D. Cal. 2022). The Posts are about Applicant who is a Korean resident and either are at least partially in the Korean language or are by a User whose account shows location information outside of the United States. *See* Choi Decl., ¶¶ 3-4. Therefore, nothing in the record suggests that the Users are U.S. citizens or present in the United States. *See id.*, ¶ 6; Lee Decl., ¶ 3. This third *Intel* factor should thus be ruled on in Applicant's favor.

### 4.    Applicant's Request is Not Unduly Intrusive or Burdensome

The fourth and final *Intel* factor considers whether the discovery being requested by the Section 1782 application is "unduly intrusive or burdensome." *Intel,* 542 U.S. at 265. Requests that are not narrowly tailored, that request confidential information, and that appear to be a broad "fishing expedition" for irrelevant information are considered to be unduly intrusive and burdensome. *In re Qualcomm Inc.*, 162 F.Supp.3d 1029, 1043 (N.D. Cal. 2016). The *Intel* court noted that requests that are determined to be unduly intrusive or burdensome may be "trimmed" of such excessive parts, allowing the authorization of the remaining requests. *Intel*, 542 U.S. at 265.

Here, Applicant's proposed subpoenas to be served on X Corp. and Google are narrowly tailored and is not intrusive or burdensome. Lee Decl., ¶ 12. Applicant seeks identifying information of the Users, which is necessary to enable the Korean courts to serve process of the Korean Lawsuit on the Users and will be used only for that narrow purpose. *Id.*, ¶ 8; Choi Decl., ¶ 7. The proposed subpoenas are limited to requests for only those documents that are sufficient to show the names, dates of birth, addresses, email addresses, phone numbers, financial service institution names and account numbers, and IP access logs for the last ten logins that were recorded by X Corp. and Google of the Users. Financial account

*EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

access information, card expiration dates, card validation codes, passwords, and financial transactions information are explicitly excluded from these requests. *See* Exs. 1 and 2. This District has authorized the categories of information being sought by this Application in multiple comparable matters. *See*, *e.g.*, *In re Soo Young Kim*, 2025 U.S. Dist. LEXIS 156027, at *2, 8-9 (authorizing the discovery of names, dates of birth, addresses, e-mail addresses, telephone numbers, and banking information from Google); *In re Hybe Co., Ltd.*, No. 24-mc-80228-DMR, 2024 U.S. Dist. LEXIS 216313, at *8-9 (N.D. Cal. Nov. 27, 2024) (authorizing the discovery of names, dates of birth, phone numbers, email addresses, addresses, and last ten IP access logs, among other information, from Google); *In re Starship Entm't Co.*, 2023 U.S. Dist. LEXIS 91000, at *2, 8-9 (authorizing the discovery of names, addresses, email addresses, telephone numbers, and three-month period IP access logs from Google); *Ahin Park v. Unknown*, 2023 U.S. Dist. LEXIS 38311, *11 (authorizing the discovery of names, dates of birth, email addresses, cell phone numbers, IP addresses and related account information from Meta).

Moreover, Applicant's subpoena is not a broad "fishing expedition" but is narrowly tailored to discover only that relevant information essential to proceed with the Korean Lawsuit in Korea. *In re Qualcomm Inc.*, 162 F.Supp.3d at 1043. The categories of information sought by this Application are necessitated by circumstances specific to Korea of the methods in which individuals can be identified for purposes of service of process, including obstacles caused by the common occurrence of shared names, and false information being registered by individuals with their social media accounts, among other issues. Lee Decl., ¶¶ 12-13. In particular, the requested financial account-related information has a higher possibility of rendering the true personal information of Users, and the exclusion of such request from any initially approved subpoena would provide Users the opportunity to have their information deleted by X Corp. and Google before the request can be approved through a subsequent application, so the request for such financial information is critical for the purpose of ascertaining the identity of the Users at this time. *Id.* Accordingly, Applicant's request is not unduly intrusive or burdensome, and this fourth *Intel* factor weighs in favor of authorizing the

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

9

proposed discovery.

## V.    CONCLUSION

Applicant has clearly demonstrated that this Application meets all of the statutory requirements of Section 1782 and that all of the discretionary *Intel* factors weigh in favor of authorizing the proposed discovery. For the foregoing reasons, Applicant respectfully requests that the Court grant the Application and authorize Applicant's proposed discovery on X Corp. and Google, in order to obtain limited information enabling Applicant to serve process of and proceed with the Korean Lawsuit against the Users in Korea.


Dated: June 25, 2026                              LEE, HONG, DEGERMAN, KANG & WAIMEY


                                                  By:  /s/ *Soojin Youn*

                                                      Soojin Youn

                                                  Attorneys for Applicant
                                                  Siwon Choi

*EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

<table>
<tr><td>In re Ex Parte Application of<br>Siwon Choi</td><td>)</td><td></td></tr>
<tr><td><i>Plaintiff</i></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td><i>Defendant</i></td><td>)</td><td></td></tr>
</table>

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                                        X Corp.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

<table>
<tr><td>Place: By e-mail to: syoun@lhlaw.com; or<br>By mail to: Soojin Youn, 801 South Figueroa Street, Suite 2000, Los Angeles, CA 90017</td><td>Date and Time:</td></tr>
</table>

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

<table>
<tr><td>Place:</td><td>Date and Time:</td></tr>
</table>

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

*CLERK OF COURT*

OR

_____            _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Siwon Choi _____ , who issues or requests this subpoena, are:

Soojin Youn, 801 South Figueroa Street, Suite 2000, Los Angeles, CA 90017; syoun@lhlaw.com; (213) 244-7064

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT 1

## DEFINITIONS

1.     The terms "DOCUMENT" or "DOCUMENTS" shall be construed in its broadest possible sense to include all electronically stored information or "tangible things," as those terms are used in Rules 34(a) and 45 of the Federal Rules of Civil Procedure. Where a DOCUMENT has been prepared in several copies, or where additional copies have been made that are not identical or are no longer identical by reason of subsequent notation, highlighting or other modification of any kind whatsoever including, but not limited to, notations on the back of pages thereto, each nonidentical copy shall be considered separate DOCUMENT.  Each and every draft, annotated version, or otherwise non-identical copy of a document is a separate document for the purposes of these requests.

2.     The term "DOCUMENT" or "DOCUMENTS" shall also include "ESI." "ESI" shall mean and refer to all electronic data and information stored in a digital format.  "ESI" includes, but is not limited to, electronic mail messages and attachments, contacts, databases including all records and fields and structural information, and any and all miscellaneous files responsive to the following requests.

3.     The term "PERSON(S)" shall mean and include a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity, but shall exclude X Corp., its subsidiaries and affiliates, and the employees and personnel of X Corp. and its subsidiaries and affiliates.

4.     The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make these Requests inclusive rather than exclusive.  The singular of any term includes the plural, and the plural of any term includes the singular.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request that which otherwise might be construed outside its scope.  The masculine gender of any term used herein includes the feminine, and vice versa.

5.     The term "ACCESS LOGS" shall mean the dates, times, Internet Protocol addresses, port numbers, and destination Internet Protocol addresses that are recorded by X Corp. when a user logs in or accesses X.

6.     The term "ACCOUNT 1" shall mean the X account named "거래계" with handle @inside0323 and profile located at the URL https://x.com/inside0323.

7.     The term "ACCOUNT 2" shall mean the X account named "애오" with handle @chyulullu and profile located at the URL https://x.com/chyulullu.

8.     The term "ACCOUNT 3" shall mean the X account named "린도 🌻" with handle @sjd103 and profile located at the URL https://x.com/sjdl03.

9.     The term "ACCOUNT 4" shall mean the X account named "새벽" with handle @superjuniorpstr and profile located at the URL https://x.com/superjuniorpstr.

1

10.     The term "ACCOUNT 5" shall mean the X account named "mi 愛" with handle @nctshunty and profile located at the URL https://x.com/nctshunty.

11.     The term "ACCOUNT 6" shall mean the X account named "bpsjmanager" with handle @bpsjmanager and profile located at the URL https://x.com/bpsjmanager.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** DOCUMENTS sufficient to show the following information registered, collected, or otherwise associated with ACCOUNT 1:

   (1)    Name(s) of each PERSON involved in the use, operation, ownership, or management of ACCOUNT 1;

   (2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

   (3)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

   (4)    Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

   (5)    Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

   (6)    Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction information);

   (7)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction information);

   (8)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

   (9)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 2:** DOCUMENTS sufficient to show the following information registered, collected, or otherwise associated with ACCOUNT 2:

   (1)    Name(s) of each PERSON involved in the use, operation, ownership, or management of ACCOUNT 2;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)    Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)    Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)    Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction information);

(7)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction information);

(8)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 3:** DOCUMENTS sufficient to show the following information registered, collected, or otherwise associated with ACCOUNT 3:

(1)    Name(s) of each PERSON involved in the use, operation, ownership, or management of ACCOUNT 3;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)    Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)    Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)    Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account

3

PIN/password(s), online access log-in information, and financial transaction information);

(7)     Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction information);

(8)     Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)     ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 4:** DOCUMENTS sufficient to show the following information registered, collected, or otherwise associated with ACCOUNT 4:

(1)     Name(s) of each PERSON involved in the use, operation, ownership, or management of ACCOUNT 4;

(2)     Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)     Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)     Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)     Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)     Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction information);

(7)     Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction information);

(8)     Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)     ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

4

**REQUEST FOR PRODUCTION NO. 5:** DOCUMENTS sufficient to show the following information registered, collected, or otherwise associated with ACCOUNT 5:

(1)   Name(s) of each PERSON involved in the use, operation, ownership, or management of ACCOUNT 5;

(2)   Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)   Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)   Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)   Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)   Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction information);

(7)   Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction information);

(8)   Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)   ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 6:** DOCUMENTS sufficient to show the following information registered, collected, or otherwise associated with ACCOUNT 6:

(1)   Name(s) of each PERSON involved in the use, operation, ownership, or management of ACCOUNT 6;

(2)   Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)   Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)   Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)   Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

5

(6)     Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction information);

(7)     Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction information);

(8)     Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)     ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

EXHIBIT 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| In re Ex Parte Application of | ) |
| Siwon Choi | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                                    Google LLC

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: By e-mail to: syoun@lhlaw.com; or By mail to: Soojin Youn, 801 South Figueroa Street, Suite 2000, Los Angeles, CA 90017 | Date and Time: |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

|                *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Siwon Choi                                                    , who issues or requests this subpoena, are:

Soojin Youn, 801 South Figueroa Street, Suite 2000, Los Angeles, CA 90017; syoun@lhlaw.com; (213) 244-7064

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT 1

## <u>DEFINITIONS</u>

1.      The terms "DOCUMENT" or "DOCUMENTS" shall be construed in its broadest possible sense to include all electronically stored information or "tangible things," as those terms are used in Rules 34(a) and 45 of the Federal Rules of Civil Procedure. Where a DOCUMENT has been prepared in several copies, or where additional copies have been made that are not identical or are no longer identical by reason of subsequent notation, highlighting or other modification of any kind whatsoever including, but not limited to, notations on the back of pages thereto, each nonidentical copy shall be considered separate DOCUMENT.  Each and every draft, annotated version, or otherwise non-identical copy of a document is a separate document for the purposes of these requests.

2.      The term "DOCUMENT" or "DOCUMENTS" shall also include "ESI." "ESI" shall mean and refer to all electronic data and information stored in a digital format.  "ESI" includes, but is not limited to, electronic mail messages and attachments, contacts, databases including all records and fields and structural information, and any and all miscellaneous files responsive to the following requests.

3.      The term "PERSON(S)" shall mean and include a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity, but shall exclude Google LLC, its subsidiaries and affiliates, and the employees and personnel of Google LLC and its subsidiaries and affiliates.

4.      The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make these Requests inclusive rather than exclusive.  The singular of any term includes the plural, and the plural of any term includes the singular.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request that which otherwise might be construed outside its scope.  The masculine gender of any term used herein includes the feminine, and vice versa.

5.      The term "ACCESS LOGS" shall mean the dates, times, Internet Protocol addresses, port numbers, and destination Internet Protocol addresses that are recorded by Google LLC when a user logs in or interacts with YouTube or other Google service.

6.      The term "ACCOUNT 7" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube account titled "whalien74" with handle @whalien7475 and channel located at the URL https://www.youtube.com/@whalien7475.

7.      The term "ACCOUNT 8" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube account titled

1

"욱담소" with handle @욱담소 and channel located at the URL

https://www.youtube.com/@욱담소.

8.      The term "ACCOUNT 9" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube account titled

"비트" with handle @youngoklee7840 and channel located at the URL

https://www.youtube.com/@youngoklee7840.

9.      The term "ACCOUNT 10" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube account titled "yq lee" with handle @yqlee5966 and channel located at the URL https://www.youtube.com/@yqlee5966.

**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** DOCUMENTS sufficient to show the following information registered, collected, or otherwise associated with ACCOUNT 7:

(1)     Name(s) of each PERSON involved in the use, operation, ownership, or management of ACCOUNT 7;

(2)     Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)     Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)     Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)     Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)     Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction information);

(7)     Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction information);

2

(8)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 2:** DOCUMENTS sufficient to show the following information registered, collected, or otherwise associated with ACCOUNT 8:

(1)    Name(s) of each PERSON involved in the use, operation, ownership, or management of ACCOUNT 8;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)    Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)    Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)    Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction information);

(7)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction information);

(8)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 3:** DOCUMENTS sufficient to show the following information registered, collected, or otherwise associated with ACCOUNT 9:

(1)    Name(s) of each PERSON involved in the use, operation, ownership, or management of ACCOUNT 9;

3

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)    Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)    Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)    Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction information);

(7)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction information);

(8)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 4:** DOCUMENTS sufficient to show the following information registered, collected, or otherwise associated with ACCOUNT 10:

(1)    Name(s) of each PERSON involved in the use, operation, ownership, or management of ACCOUNT 10;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)    Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)    Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)    Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account

4

PIN/password(s), online access log-in information, and financial transaction information);

(7)     Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction information);

(8)     Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)     ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

5