**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IN RE *EX PARTE* APPLICATION OF
SIWON CHOI,

Applicant.

Case No.  26-mc-80190-BLF

**ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDING**

[Re: ECF 1]

Before the Court is an *ex parte* application filed by Siwon Choi ("Applicant") pursuant to 28 U.S.C. § 1782, seeking leave to take limited discovery from X Corp. and Google LLC for use in a civil proceeding pending in the Republic of Korea.  *See* Applic., ECF 1.  The Court finds the application to be suitable for disposition without a hearing.  *See* Civ. L.R. 7-1(b).  The application is GRANTED for the reasons discussed below.

## I.   BACKGROUND

Applicant is a resident of South Korea.  *See* Choi Decl. ¶ 3, ECF 1-1.  He is a singer and member of the South Korean boy band Super Junior.  *See id*.  Applicant claims that ten anonymous internet users ("Users") have posted defamatory and disparaging statements about him on the social media platforms X (formerly Twitter) and YouTube.  *See id*. ¶ 4.  Applicant states that the Users' posts are so degrading and defamatory that Applicant has suffered mental and psychological distress and has been harmed in his social and professional reputation.  *See id*.

In May 2026, Applicant filed a civil lawsuit against the ten Users in Korea.  *See* Choi Decl. ¶ 5.  However, he has not been able to proceed with the lawsuit because he cannot identify the ten anonymous Users.  *See id*. ¶ 6.  Through the present application pursuant to 28 U.S.C. § 1782, Applicant seeks leave to serve subpoenas on X Corp. and Google LLC for production of

documents relating to the personal identifying information ("PII") of the ten anonymous Users. *See id.* ¶¶ 6-7.

## II.    LEGAL STANDARD

In relevant part, § 1782 provides as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

Section 1782 "authorizes, but does not require" a district court to permit discovery for use in a foreign proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004). "Section 1782's statutory language has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

"[E]ven where an applicant satisfies § 1782's statutory prerequisites, the district court still retains substantial discretion to permit or deny the requested discovery." *Khrapunov*, 931 F.3d at 926 (citing *Intel*, 542 U.S. at 264-65). "This discretion is guided by the Supreme Court's articulation in *Intel* of four non-exclusive factors: (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding;' (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;' (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;' and (4) whether the discovery requests are 'unduly intrusive or burdensome.'" *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1129 (9th Cir. 2024) (quoting *Intel*, 542 U.S. at 264-65).

United States District Court
Northern District of California

United States District Court
Northern District of California

It is common for § 1782 applications to be considered on an *ex parte* basis, as "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (internal quotation marks and citation omitted); *see also In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) ("§ 1782 petitions are regularly reviewed on an *ex parte* basis.").

### III. DISCUSSION

#### A. Statutory Requirements

As to the first statutory requirement, that the respondent resides or is found in the district, an entity's residency for purposes of § 1782 includes "where the business is incorporated, is headquartered, or where it has a principal place of business." *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1017 (N.D. Cal. 2023) (internal quotation marks and citation omitted). Applicant submits evidence that X Corp.'s principal office is in Palo Alto, California and that Google LLC's principal office is in Mountain View, California. *See* Lee Decl. ¶ 9, ECF 1-2. Both of those cities are located within this judicial district. *See In re HYBE Co., Ltd.*, No. 25-MC-80319-JSC, 2025 WL 3268406, at *1 (N.D. Cal. Nov. 24, 2025) (finding that X Corp.'s Palo Alto office is in the Northern District of California); *United States v. Google LLC*, 690 F. Supp. 3d at 1017 (finding that Google's Mountain View headquarters are in the Northern District of California). Thus, the first statutory requirement is satisfied.

The second requirement, that the discovery is for use in a foreign proceeding, is satisfied here because Applicant seeks the discovery to aid in litigating a case pending in Korea. *See* Choi Decl. ¶¶ 6-7. Other courts in this district have found this requirement satisfied where the applicant seeks discovery from X Corp. or Google LLC to aid in foreign litigation. *See HYBE*, 2025 WL 3268406, at *1 (X Corp.); *United States v. Google LLC*, 690 F. Supp. 3d at 1018 (Google LLC).

With respect to the third requirement, that the application is made by a foreign tribunal or an "interested person," a litigant in the foreign proceeding is an "interested person" for purposes of § 1782. *Intel*, 542 U.S. at 256. As discussed herein, Applicant brought the Korean action for

which he seeks the discovery at issue here. The third statutory requirement is satisfied.

Having concluded that the statutory requirements are satisfied, the Court considers whether the discretionary *Intel* factors weigh in favor of granting the application.

### B.    Discretionary *Intel* Factors

The first *Intel* factor asks whether the respondent is a participant in the foreign action. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. X Corp. and Google LLC are not parties to the Korean case, and therefore they are outside the Korean court's jurisdictional reach. *See* Lee Decl. ¶ 9.

Under the second *Intel* factor, the district court "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Applicant's counsel states that: "Based on my experience and knowledge, I believe that Korean courts are generally receptive to receiving assistance from United States federal courts in discovery and I am aware of numerous matters in which defamation matters were able to proceed before Korean courts using information obtained through Section 1782 discovery granted by this very judicial District." Lee Decl. ¶ 10. Counsel's statement is sufficient to satisfy the second *Intel* factor.

The third *Intel* factor asks whether the request for discovery is an attempt to circumvent restrictions or policies of the foreign country or the United States. *See Intel*, 542 U.S. at 265. Attorney Lee indicates that Applicant is not attempting to circumvent any restrictions or policies under the laws of Korea or the United States. *See* Lee Decl. ¶ 11. Applicant asserts that the First Amendment is not implicated by the present application, because the First Amendment's free speech principles do not protect foreign citizens outside of the United States. *See Zuru, Inc. v. Glassdoor, Inc.*, 614 F. Supp. 3d 697, 707 (N.D. Cal. 2022) ("The First Amendment doesn't apply to foreign citizens outside U.S. territory, so it doesn't reflect a U.S. policy of protecting free speech around the world."). Applicant points out that the posted material at issue is about a Korean resident and argues that nothing in the record suggests the Users are United States citizens

United States District Court
Northern District of California

4

or are present in the United States.  *See* Choi Decl. ¶¶ 4-6; Lee Decl. ¶ 3.  Under these circumstances, and at this preliminary stage, the Court finds no basis to conclude that any person's First Amendment rights would be infringed by the requested discovery, or that the requested discovery is an attempt to circumvent the First Amendment.

The fourth *Intel* factor asks whether the requested discovery is unduly intrusive or burdensome.  *See Intel*, 542 U.S. at 265.  The Court finds that the subpoenas Applicant wishes to serve on X Corp. and Google LLC are narrowly tailored to obtain PII necessary to identify and litigate against the Users who posted the material at issue.

Having considered the four *Intel* factors, the Court in the exercise of its discretion finds it appropriate to grant the present *ex parte* application.

## IV.  ORDER

(1)    The *ex parte* application for leave to take limited discovery from X Corp. and Google LLC pursuant to 28 U.S.C. § 1782 is GRANTED.

(2)    The applicant IS AUTHORIZED to issue and serve on X Corp. and Google LLC subpoenas for production of documents that are substantially similar to the proposed subpoenas attached to the application as Exhibits 1 and 2.

(3)    Applicant SHALL serve a copy of this order, all underlying papers, and the authorized subpoenas on X Corp. and Google LLC.

(4)    The Clerk shall close the file.

(5)    This Court retains jurisdiction over this matter.

Dated:  July 2, 2026

_____
BETH LABSON FREEMAN
United States District Judge